# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ARTHUR WEST,<br><br>　　　　　　　　Appellant,<br><br>　v.<br><br>TESC BOARD OF TRUSTEES; FRED GOLDBERG; DAVID NICANDRI; ANNE PROFFITT; GRETCHEN SORENSEN; JAMES WIGFALL; NICHOLAS WOOTEN; STATE OF WASHINGTON.<br><br>　　　　　　　　Respondents. | No. 49120-6-II<br><br><br><br>UNPUBLISHED OPINION |

MELNICK, J. — Arthur West sued The Evergreen State College (Evergreen) after Evergreen, relying on the Family Educational Rights and Privacy Act of 1974 (FERPA),[1] redacted or withheld certain records when responding to West's public records request. FERPA conditions receipt of federal higher education funding on compliance with its student information nondisclosure requirements. West argued that because FERPA imposes funding constraints on Evergreen rather than directly regulating its disclosure activities, the law cannot fall within the "other statute" exemption of the Public Records Act (PRA).[2] The Superior Court found in favor of Evergreen. We affirm.

---

[1] 20 U.S.C. § 1232g.

[2] Ch. 42.56 RCW.

FACTS

I.     BACKGROUND

A.     Evergreen

Evergreen, a four-year institution of higher education in Washington, receives federal funding.[3]   Federal education funding is often conditional on the institution's compliance with federal laws, including FERPA.   20 U.S.C. § 1232g; 34 C.F.R. § 99.   FERPA restricts school disclosure of students' education records and personally identifiable information.   *See* 20 U.S.C. § 1232g.

On October 21, 2014, West submitted a records request to Evergreen under the PRA. West requested:

> 1. All records concerning the application and enforcement of [Evergreen's] Criminal Trespass Policy, January 1, 2014 to present.
>
> 2. Any grant voucher or certification by the college that it will comply with Civil Rights laws as a condition of receiving any federal or state grants or funding, 2010 to present.

Clerk's Papers (CP) at 512.   After communicating with Evergreen, West clarified his request as follows:

> 1. Other types of records, as well as the policy.
>
> 2. Please produce any records concerning compliance with any conditions as a condition of applying for or receiving federal funding.

CP at 516.   Due to the breadth of West's request, Evergreen determined that it would share the relevant records with West in installments.   With the exception of August 2015, Evergreen

---

[3] In the 2014-15 school year, Evergreen distributed 41.6 million dollars of federal financial aid to students.  Evergreen received an additional 22.3 million dollars in grants and contracts in the 2015 fiscal year.

delivered one installment each month from November 2014 to October 2015. In total, Evergreen produced 1,219 pages in response to West's request.

### B. Evergreen Redacts Records

As Evergreen's public records officer processed West's request, she identified FERPA as a possible PRA exemption. 20 U.S.C. § 1232g. Evergreen redacted documents believed to contain either student education records or personally identifiable information within five of the installments.[4] The relevant records were primarily generated by Evergreen's Student Affairs Office and its Campus Police Services. The responsive documents in some installments contained records, e-mails, and e-mail attachments. Evergreen redacted personally identifiable information, including names, student numbers, and disciplinary records. With respect to the Campus Police Services' installment, Evergreen redacted the 16 pages that contained personally identifiable information from student records. The redactions included student identification (ID) numbers, student ID photos, and disciplinary e-mails to students.

Evergreen also redacted records it believed to be subject to the attorney-client privilege stated in RCW 5.60.060(2)(a). According to Evergreen's redaction log, the redacted document was an e-mail requesting advice from Assistant Attorney General Colleen Warren. The withheld documents were attachments to that e-mail relating to the same subject.

## II. PROCEDURAL HISTORY

On May 12, 2015, West filed a complaint against Evergreen. West accused Evergreen of putting into practice an "unwritten and illegal Criminal Trespass Policy." CP at 4. More to the point, West argued that Evergreen's failure to disclose "records of completed criminal investigations related to" the alleged criminal trespass policy violated the PRA, and that Evergreen

---

[4] Other installments did not contain FERPA redactions and are not at issue in this case.

had improperly relied on FERPA to redact the files. CP at 4. Evergreen argued that its FERPA redactions were proper under the "other statute" exception to the PRA, and moved for summary judgment.

The trial court granted summary judgment to Evergreen on the FERPA issue. The trial court ruled that FERPA fell within the "other statute" exception of the PRA. However, the court needed further information to determine whether FERPA was properly applied in this case. The trial court directed West to identify "the specific documents and redactions that he believe[d] to improperly apply to FERPA," instructed Evergreen to explain its redactions, and scheduled a status conference for the following month. CP at 56.

West identified the challenged redactions. Evergreen asserted it properly exempted these redactions as protected student information under FERPA. West moved for summary judgment, and Evergreen filed a cross motion for dismissal.

After a hearing, the trial court issued a second order. The trial court ruled that Evergreen had "properly discharged its obligations" under the PRA. CP at 110. Accordingly, the trial court denied West's summary judgment motion and dismissed the case. West appeals.

ANALYSIS

I.   APPEAL OF PARTIAL SUMMARY JUDGMENT AND DISMISSAL

West argues that FERPA does not qualify as an "other statute" authorizing the redaction of otherwise public records under the PRA. West also argues that Evergreen improperly relied on the attorney-client privilege to withhold requested records. We disagree.

A.   Standard of Review

We review PRA cases de novo. *Nissen v. Pierce County*, 183 Wn.2d 863, 872, 357 P.3d 45 (2015); RCW 42.56.550(3). With the appellate court standing in the shoes of the trial court,

the party seeking to prevent disclosure bears the burden of establishing that an exemption applies. *Ameriquest Mortg. Co. v. Office of Att'y Gen.*, 177 Wn.2d 467, 486, 300 P.3d 799 (2013) (*Ameriquest II*); RCW 42.56.550(1).

A superior court's decision on summary judgment is also reviewed de novo. *Didlake v. State*, 186 Wn. App. 417, 422, 345 P.3d 43 (2015). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c).

B.       The PRA Requires Disclosure of Non-Exempt Public Records

The purpose of the PRA is to increase "governmental transparency and accountability by making public records accessible to Washington's citizens." *John Doe A v. Wash. State Patrol*, 185 Wn.2d 363, 371, 374 P.3d 63 (2016). Accordingly, the PRA mandates the broad disclosure of public records. *Resident Action Council v. Seattle Hous. Auth.*, 177 Wn.2d 417, 431, 327 P.3d 600 (2013). The statute's provisions are to be "liberally construed and its exemptions narrowly construed." RCW 42.56.030. Unless an exemption applies, an agency must disclose public records upon request. RCW 42.56.070(1).

There are two broad categories of PRA exemptions, specific exemptions within the PRA itself, and exemptions based on other laws. RCW 42.56.210-.470;[5] RCW 42.56.070(1). RCW 42.56.070 is the source of the "other statute" exemption at issue in this case. Agencies "shall make available for public inspection and copying all public records, unless the record falls within the specific exemptions of . . . this chapter, or other statute which exempts or prohibits disclosure of specific information or records." RCW 42.56.070(1).

---

[5] The PRA, similar to FERPA, specifically exempts "[p]ersonal information" and "[e]ducational information." RCW 42.56.230; RCW 42.56.320.

An "other statute" does not need to "expressly address the PRA, but it must expressly prohibit or exempt the release of records." *John Doe A*, 185 Wn.2d at 372. This provision does not permit courts to imply exemptions. *PAWS v. Univ. of Wash.*, 125 Wn.2d 243, 259-60, 884 P.2d 592 (1994) (*PAWS II*). The "[l]egislature did not intend to entrust to . . . judges the [authority to imply] extremely broad and protean exemptions." *PAWS II*, 125 Wn.2d at 260.

By contrast, if a law contains a specific exemption that "expressly prohibit[s]" or exempts the disclosure of specific information or records, it may qualify as an "other statute" exemption under the PRA. *John Doe A*, 185 Wn.2d at 372; *PAWS II*, 125 Wn.2d at 262. Courts finding an "other statute" exemption have also identified a "legislative intent to protect a particular interest or value." *John Doe A*, 185 Wn.2d at 378.

C.     FERPA Qualifies as an "Other Statute" Because it Exempts Student Education Records

A federal law may be an "other statute" under the PRA. *Ameriquest Mort. Co. v. Office of Atty. Gen.*, 170 Wn.2d 418, 439-40, 241 P.3d 1245 (2010) (*Ameriquest I)*, held that the Gramm–Leach–Bliley Act (GLBA), 15 U.S.C. §§ 6801–6809, was an "other statute" exempting records from PRA disclosure. As the *Ameriquest I* court explained, the "other statute exemption . . . allows the federal regulation's privacy protections to supplement the PRA's exemptions. We have held numerous other state statutes' disclosure prohibitions are thus incorporated into the PRA [and] see no reason why a federal law should be treated differently."[6] *Ameriquest I*, 170 Wn.2d at 440.

---

[6] In context, this quote rejected Ameriquest's argument that the GLBA preempts Washington's PRA. *Ameriquest I*, 170 Wn.2d at 440. West also raises preemption in this case, apparently in response to his mistaken belief that Evergreen asserts that FERPA preempts the PRA. West is incorrect; Evergreen does not argue preemption. Therefore, we do not address West's preemption argument.

Washington courts draw no distinction between state and federal laws in terms of what constitutes an "other statute" under the PRA. *Ameriquest I*, 170 Wn.2d at 440.

As discussed above, FERPA is an "other statute" if it expressly exempts the relevant records from disclosure. *John Doe A*, 185 Wn.2d at 372. In this case, FERPA qualifies as an "other statute" because it exempts student education records like those redacted or withheld by Evergreen.

### 1. FERPA Student Privacy Protections

The purpose of FERPA is "to set out requirements for the protection of privacy of parents and students." 34 C.F.R. § 99.2; 120 Cong. Rec. 39858, 39862 (1974). FERPA prohibits educational institutions that receive federal funding from disclosing education records or personally identifiable information from those records without first receiving the students' written consent. 20 U.S.C. § 1232g(b), (d); 34 C.F.R. Part 99.

In furtherance of FERPA's privacy goals, the statute expressly addresses two categories of records relevant to this case: student "education records" and students' "personally identifiable information." 20 U.S.C. § 1232g(b)(1) states:

> No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein other than directory information, as defined in paragraph (5) of subsection (a)) of students without [ ] written consent.

The following section, 20 U.S.C. § 1232g(b)(2), further restricts disclosure of "personally identifiable information":

> No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of releasing, or providing access to, any personally identifiable information in education records other than directory information,

or as is permitted under paragraph (1) of this subsection [without written consent.].

FERPA explicitly identifies narrow exceptions to these disclosure limitations. 20 U.S.C. § 1232g(b)(1)-(2) (permit disclosure of directory information); 34 C.F.R. 99.31(a)(9)(ii) (permits disclosure in response to judicial order or lawful subpoena). Even when such exceptions apply, protected information may only be disclosed if the recipient will not redisclose the information to a third party without prior written consent. 20 U.S.C. § 1232g(b)(4)(B); 34 C.F.R. § 99.33(a)(1).

2.      What FERPA "Requires"

West's primary argument is that FERPA cannot qualify as an "other statute" because it fails to "clearly or expressly require anything." Appellant's Br. at 14. West argues that FERPA's provisions speak only to the Secretary of Education, and that "spending legislation like FERPA fails to confer any . . . rights" that could be enforced against Evergreen. Appellant's Br. at 18. Evergreen argues that it is bound by FERPA due to its reliance on federal funds, and that the statute's explicit nondisclosure language is sufficient to qualify it as an "other statute." We agree with Evergreen.

West argues that FERPA controls only Department of Education funding allocations, and does not require Evergreen to follow its student privacy guidelines. West asserts that the United States Supreme Court has already determined that FERPA "fails to confer any enforceable rights." Appellant's Op. Br. at 18 (citing *Gonzaga v. Doe*, 536 U.S. 273, 273, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002)). West's characterization of *Gonzaga* is highly misleading. West presents the case as establishing that spending legislation can never bind entities like Evergreen; *Gonzaga* actually addresses which statutory violations support a cause of action brought under 42 U.S.C. § 1983. 536 U.S. 273. *Gonzaga's* holding that FERPA did not confer the type of unambiguously

8

enforceable right necessary for a student to sue Gonzaga under 42 U.S.C. § 1983, is irrelevant to whether FERPA is an "other statute" under the PRA.

The parties each cite federal or foreign jurisdiction cases to support their arguments on whether FERPA imposes binding obligations. *Student Bar Ass'n Bd. of Governors v. Byrd*, 293 N.C. 594, 239 S.E.2d 145 (N.C. 1977); *WFTV, Inc. v. Sch. Bd. of Seminole*, 874 So. 2d 48 (Fla. Dist. Ct. App. 2004); *DTH Pub'g Cor. v. Univ. of N.C. at Chapel Hill*, 128 N.C. App. 534, 496 S.E.2d 8 (1998); *United States v. Miami Univ.*, 294 F.3d 797 (6th Cir. 2002). While these authorities provide useful context, the PRA's "other statutes" exemption properly focuses on the factors outlined in *John Doe A* and whether the statute "expressly" exempts the records in a manner consistent with a clear expression of legislative intent to protect the relevant interest.[7] 185 Wn.2d at 372.

We conclude that the "other statute" exemption applies when the plain language of the statute explicitly exempts a given category of records or information. In *Ameriquest I*, the GLBA provided that "the receiving nonaffiliated third party may not reuse or redisclose the nonpublic personal information to another nonaffiliated third party unless an exception applies or the reuse or redisclosure would be lawful if done by the financial institution." 170 Wn.2d at 426. *Ameriquest I* held the GLBA was an explicit "other statute" and that the third party in question could not disclose the records in response to a PRA request. 170 Wn.2d at 439-40.

*Fisher Broadcasting–Seattle TV LLC v. City of Seattle,* 180 Wn.2d 515, 526, 326 P.3d 688 (2014), held that RCW 9.73.090(1)(c), which directs that "[n]o sound or video recording [made by

---

[7] We note that, as a practical matter, Evergreen's dependence on federal funds makes FERPA binding in practice. West does not dispute the College's assertion that it could not survive without federal funding, and provides no support for his assertion that the relevant FERPA provisions represent an empty threat. Accordingly, we reject West's argument that Evergreen could simply walk away from federal funding.

camera mounted in a law enforcement vehicle] may be duplicated and made available to the public . . . until final disposition [of litigation] which arises from the event or events which were recorded," was an "other statute" that temporarily exempted the recording from production. By contrast, courts will not find an "other statute" exemption if the statutory language is not specific. For example, in *Belo Management Services, Inc. v. Click! Network*, 184 Wn. App. 649, 660-61, 343 P.3d 370 (2014), the court concluded that 47 C.F.R. § 0.459(a)(1) was not an "other statute" because it did not "specifically state" that the records at issue were "confidential and protected from disclosure."

FERPA contains nondisclosure language. It strips funding from universities that disclose their students' "education records (or personally identifiable information contained therein.)." 20 U.S.C. § 1232g(b)(1). FERPA further restricts disclosure of "personally identifiable information in education records other than directory information." 20 U.S.C. § 1232g(b)(2). The statute's implementing regulations then define "education records" and "personally identifiable information." 34 C.F.R. § 99.3; 20 U.S.C. 1232g(a)(4). Similar to the GLBA in *Ameriquest I*, FERPA's implementing regulations further tighten disclosure by expressly prohibiting re-disclosure of otherwise disclosable information. 34 C.F.R. § 99.33(a)(1); 20 U.S.C. § 1232g(b)(4)(B). This type of language is what *John Doe A* requires. 185 Wn.2d at 372.

Exempting education records from disclosure is also consistent with a clear "legislative intent to protect" student information. Congress passed FERPA "to set out requirements for the protection of privacy of parents and students." 34 C.F.R. § 99.2; 120 Cong. Rec. 39858, 39862. FERPA's implementing regulations, which enumerate the specific and narrow exceptions to its nondisclosure requirements, further underscore the statute's focus on protecting student privacy.

Withholding or redacting student information in this case, including students' photos and disciplinary communications, is consistent with this purpose.

FERPA exempts certain student education records and personal information from disclosure. It satisfies the *John Doe A* criteria for qualification as an "other statute" under the PRA. *See* 185 Wn.2d at 373. FERPA is therefore an "other statute" under the PRA. Evergreen, having already accepted federal funding and assumed the obligation of complying with FERPA, is bound by FERPA's disclosure restrictions.[8]

D.      Evergreen Appropriately Redacted Student Education Records Associated with Law Enforcement

Having determined that FERPA is an "other statute" under the PRA, we now consider West's assertion that Evergreen adopted an overbroad definition of "education records," and thus redacted student disciplinary records it should have disclosed. We conclude Evergreen properly redacted the information.

FERPA defines "education records" as "those records, files, documents, and other materials which . . . contain information directly related to a student[,] and . . . are maintained by an educational agency or institution or by a person acting for such agency or institution." 20 U.S.C. § 1232g(a)(4)(A); 34 C.F.R. § 99.3(a). Law enforcement records are records "[c]reated [and maintained] by a law enforcement unit . . . for a law enforcement purpose." 34 C.F.R. § 99.8(b)(1).

West's challenge most directly relates to redacted Campus Police Services records. The redacted information included student identification numbers, student photos, and student

---

[8] West later revisits this issue by asserting that, if FERPA is an "other statute" that binds the College, it is unconstitutional under the anti-commandeering doctrine. *See generally, e.g.*, *Printz v. United States*, 521 U.S. 898, 117 S. Ct. 2365, 138 L. Ed. 2d 914 (1997). Because West's argument is beyond the scope of appeal, we decline to consider it. RAP 10.3. For the same reason, we also decline to address West's unsupported argument that the trial court's interpretation of FERPA and the PRA violates the privileges and immunities clause of the Washington Constitution.

disciplinary correspondence. Under the plain language of FERPA, these types of records are protected from disclosure. 20 U.S.C. § 1232g(b). They are "[e]ducation records" because they contain information "[d]irectly related to a student" and are "[m]aintained by an educational agency" or agent thereof. These records are also "personally identifiable information" because they include or are likely to include "[t]he student's name . . . [a] personal identifier, such as the . . . student number . . . [or] information that, alone or in combination . . . would allow a reasonable person in the school community . . . to identify the student with reasonable certainty." 34 C.F.R. § 99.3. Therefore, the records fall within document categories that FERPA exempts from disclosure. 20 U.S.C. § 1232g(b)(1)-(2).

As applicable to the redactions of the Campus Police Services information the records are not classified as "law enforcement" records. 34 C.F.R. § 99.8(b)(2)(i). These records are not stripped of their protected status solely because they passed through Campus Police Services' possession. "Education records, and personally identifiable information contained in education records, do not lose their status as education records and remain subject to [FERPA], including the disclosure provisions of § 99.30, while in the possession of the law enforcement unit." 34 C.F.R. § 99.8(c)(2). Viewed in context of FERPA's implementing regulations, the redacted records in this case retain their protected status as education records.

The redacted Campus Police Services records fall within the scope of FERPA disclosure exemptions, and the Superior Court did not err in finding Evergreen appropriately applied FERPA.

E.      Evergreen Properly Withheld Records Protected by Attorney-Client Privilege

Finally, West argues that Evergreen improperly invoked the attorney-client privilege to withhold records relevant to his request. West asserts that the information withheld pursuant to this exception were "factual matters" rather than confidential communications and "can not [sic] be transformed into a privileged document merely by being forwarded to an attorney." Appellant's Br. at 42. We disagree.

West provides no citations to the record and cites a single case on this issue. He cites *Dike v. Dike*, 75 Wn.2d 1, 11, 448 P.2d 490 (1968), which stands for the general proposition that privilege is not absolute. Because West does not support his position, we decline to consider the argument. RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

We do note, however, that the documents which were attachments to an e-mail seeking advice from assigned counsel were privileged communications. In addition, Washington's attorney-client privilege statute, RCW 5.60.060(2)(a), is also an "other statute" under the PRA.

II.      ATTORNEY FEES

In addition to reversal and remand, West requests "the imposition of penalties and fees." Appellant's Br. at 44. Under RCW 42.56.550(4), a party prevailing against an agency in a PRA suit is entitled to an award of fees and costs. Because West does not prevail in this action, he is not entitled to an award of fees and costs.

We affirm the trial court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_Melnick, J._

Melnick, J.

We concur:

_Johanson, J._

Johanson, J.

_Maxa, A.C.J._

Maxa, A.C.J.