[No. 11185-0-I.   Division One.   August 12, 1985.]

EILEEN J. HALVERSON, *Respondent, v.* THE CITY
OF BELLEVUE, ET AL, *Appellants.*

*Linda M. Youngs, City Attorney,* and *Richard L. Andrews, Assistant,* for appellant Bellevue.

*M. Tyrone Morgan,* pro se.

*Cohen, Andrews, Keegan & Goeltz* and *Thomas A. Goeltz,* for respondent.

SCHOLFIELD, A.C.J.—M. Tyrone Morgan and his wife (Morgan) and the City of Bellevue appeal an order setting aside approval by Bellevue of a final plat for a subdivision submitted by Morgan. Appellants assert the trial court erred in finding Eileen J. Halverson had an "ownership" interest in part of the property platted and also assert Halverson failed to exhaust her administrative remedies. We affirm.

In 1978, Morgan filed a preliminary plat application with the City of Bellevue, seeking to subdivide a plot of land for residential development. In June 1979, Halverson filed a lis pendens and complaint to quiet title to establish her ownership by adverse possession of a strip of land included in Morgan's plat. Halverson also directly notified the City by letter of her claim to ownership in regard to the plat application. On August 13, 1979, the Bellevue City Council granted preliminary plat approval. Final plat approval was granted on September 17, 1979. On October 4, 1979, the City issued a building permit for work including the disputed land. On the same day, Halverson instituted a writ of certiorari proceeding, challenging the validity of the plat.

Halverson prevailed on her claim of adverse possession and action to quiet title;[1] this case was tried separately. The trial court in this case ruled that approval of the final plat was "hereby set aside for an error in the law."

RCW 58.17.165 provides:

> Every final plat or short plat of a subdivision . . . filed for record must contain a certificate giving a full and correct description of the lands divided . . . including a statement that the subdivision or short subdivision has been made with the free consent and in accordance with the desires of the owner or owners.
>
> If the plat . . . is subject to a dedication, the certificate . . . shall contain the dedication of all streets and other areas to the public, . . . Said certificate or instrument of dedication shall be signed and acknowledged before a

---

[1]The adverse possession case is being reviewed by this court as Halverson v. Morgan, causes 11508-1-I and 13549-0-I.

notary public by all parties having any ownership interest in the lands subdivided and recorded as part of the final plat.

Every plat . . . containing a dedication filed for record must be accompanied by a title report confirming that the title of the lands as described and shown on said plat is in the name of the owners signing the certificate or instrument of dedication.

Morgan and Bellevue contend that Halverson, as a claimant, rather than a record owner, had only a contingent ownership interest and therefore did not possess an "ownership interest", as provided in RCW 58.17.165. The essence of the claim is that Halverson should not have been considered an owner in this context until her adverse possession claim was adjudicated and her ownership interest made a matter of record. Halverson, on the other hand, contends that, upon the passage of the statutory period—here, 10 years—title passes by operation of law to the adverse possessor, whether or not a judgment to that effect is ever entered.

■ The statutes applicable here do not provide a direct answer to the question of how a city, town, or county should proceed in cases of disputed ownership of a portion of the property to be platted. However, RCW 58.17.165 requires a certificate of dedication be signed by "all parties having any ownership interest in the lands subdivided . . ." "Any ownership interest" is broad enough to include ownership of a portion of the land which is not yet a matter of public record because it was acquired through adverse possession.

The Bellevue City Code contained a similar provision, containing even broader language:

In addition to any other requirements set forth in this chapter or by state law, each final plat shall:

. . .

(6) Contain a certificate stating that the subdivision has been made with the free consent, and in accordance with the desires of the owner or owners. If the plat includes a dedication, the certificate shall also

> contain the dedication of all streets and other areas to the public . . . Such certificate shall be signed and acknowledged before a Notary Public by *all parties having any interest in the lands subdivided.*

(Italics ours.) Former Bellevue City Code 22C.10.250. This provision is not worded in terms of "ownership." Halverson's interest in the land subdivided was made clear when she put the City Council on notice that she was claiming a portion of the land by adverse possession.

The law is clear that title is acquired by adverse possession upon passage of the 10–year period. *El Cerrito, Inc. v. Ryndak,* 60 Wn.2d 847, 855, 376 P.2d 528 (1962); *Muench v. Oxley,* 90 Wn.2d 637, 644, 584 P.2d 939 (1978). The quiet title action merely confirmed that title to the land had passed to Halverson by 1974.

Because the merit of an adverse possession claim cannot be determined by the city prior to adjudication, caution in approving plats in such cases is warranted. The platting statute requires the consent of owners in order to prevent future title disputes. Once the City was put on notice of Halverson's claim, approval of the plat as submitted was improper. RCW 58.17.170.[2]

The City and Morgan contend that the failure to obtain Halverson's signature did not justify setting aside the entire

---

[2]RCW 58.17.170 provides:

"When the legislative body of the city, town or county finds that the subdivision proposed for final plat approval conforms to all terms of the preliminary plat approval, and that said subdivision meets the requirements of this chapter, other applicable state laws, and any local ordinances adopted under this chapter which were in effect at the time of preliminary plat approval, it shall suitably inscribe and execute its written approval on the face of the plat. The original of said final plat shall be filed for record with the county auditor. One reproducible copy shall be furnished to the city, town or county engineer. One paper copy shall be filed with the county assessor. Paper copies shall be provided to such other agencies as may be required by ordinance. Any lots in a final plat filed for record shall be a valid land use notwithstanding any change in zoning laws for a period of five years from the date of filing. A subdivision shall be governed by the terms of approval of the final plat, and the statutes, ordinances, and regulations in effect at the time of approval under RCW 58.17.150(1) and (3) for a period of five years after final plat approval unless the legislative body finds that a change in conditions creates a serious threat to the public health or safety in the subdivision."

plat, since Halverson owned such a small portion of the proposed subdivision. Instead, they argue, the court should have allowed the plat to stand by excising from it the property acquired by Halverson.

RCW 58.17.100 provides, in part:

Sole authority to approve final plats, and to adopt or amend platting ordinances shall reside in the legislative bodies.

■ Thus, the law is clear that the Legislature has granted the authority to amend plats to the legislative bodies and not the courts. Having found that plat approval should not have been granted without Halverson's consent, the trial court had authority only to set aside the plat as invalid. There was no error.

### FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

■ Morgan contends Halverson failed to exhaust her administrative remedies by failing to appeal from preliminary plat approval. Morgan cites no authority that supports this contention. RCW 58.17.180 provides, in part:

Any decision approving . . . any plat shall be reviewable . . . by writ of review before the superior court of the county in which such matter is pending. . . .

. . .

Application for a writ of review shall be made to the court within thirty days from any decision so to be reviewed.

The record shows that Halverson timely filed her certiorari proceeding in superior court within 30 days following the City's final plat approval on September 17, 1979. We find no failure to exhaust administrative remedies.

Judgment affirmed.

GROSSE, J., and PETRIE, J. Pro Tem., concur.