249 P.3d 1040 (2011)
James GORMAN IV, as General Partner of Hollywood Vineyards Limited Partnership, Appellant,
v.
CITY OF WOODINVILLE, Respondent.
No. 63053-9-I.
Court of Appeals of Washington, Division 1.
March 21, 2011.
*1041 Melody Staubitz, Catherine C. Clark, Seattle, WA, for Appellant.
Greg Alan Rubstello, Attorney at Law, Seattle, WA, for Respondent.
ELLINGTON, J.
¶ 1 The government is protected by statute against claims of adverse possession. The statute does not protect private landowners, even if they later sell to the government. Here, James Gorman claims he acquired ownership by adverse possession before the government purchased the land. If so, his claim is not barred. We reverse and remand for determination of the validity of his claim of title by adverse possession to property recently acquired by the City of Woodinville.

BACKGROUND
¶ 2 The City of Woodinville (City) acquired record title to Tract Y for a road improvement project. James Gorman IV, as General Partner of Hollywood Vineyards Limited Partnership (Gorman), filed an action to quiet title to Tract Y, alleging he had acquired vested title by adverse possession before the land was conveyed to the City.
*1042 ¶ 3 The City moved to dismiss under CR 12(b)(6), arguing Gorman's claim was barred by RCW 4.16.160, which provides that "no claim of right predicated upon the lapse of time shall ever be asserted against the state."[1] The City asserted Gorman's claim was predicated upon a lapse of time and therefore barred. The trial court agreed and dismissed.
¶ 4 Gorman contends the 10-year statute of limitations ran while the property was in private hands and his quiet title action is not barred by RCW 4.16.160. We agree and reverse.

DISCUSSION
¶ 5 Dismissal under CR 12(b)(6) is appropriate only if the complaint alleges no facts that would justify recovery.[2] The plaintiff's allegations and any reasonable inferences are accepted as true.[3] Our review is de novo.[4]
¶ 6 The doctrine of adverse possession permits acquisition of legal title to private land without the owner's consent where the claimant possesses the property for at least 10 consecutive years and can prove the other requirements of the doctrine.[5] Adverse possession is thus partly dependent upon the passage of a statute of limitations. Under RCW 4.16.160, claims predicated upon lapse of time may not be asserted against the government, so adverse possession does not run against the government.[6]
¶ 7 The question here is whether vested title acquired by adverse possession against a private owner can be asserted after the record owner attempts to convey the property to the government.
¶ 8 The City asserts such claims are unambiguously prohibited by the statute because they are predicated upon lapse of time.[7] The City points to Commercial Waterway District No. 1 v. Permanente Cement Company,[8] where the plaintiff claimed to have adversely possessed property while the water district owned it. Not surprisingly, the court rejected the claim, holding that cities, acting in a governmental capacity, are exempt from the 10-year statute of limitations for adverse possession.[9] But this holding is not germane to the question here because unlike the waterway district, the City did not own the property when Gorman's title allegedly vested.
¶ 9 The City's interpretation of the statute disregards traditional principles of adverse possession. Title acquired by an adverse possessor, although not recorded, is valid and enforceable.[10] Once an adverse possessor has fulfilled the conditions of the doctrine, title to the property vests in his favor.[11] The adverse possessor need not record *1043 or sue to preserve his rights in the land.[12] Rather, the law is clear that title is acquired upon passage of the 10-year period.[13]
¶ 10 The City contends these rules apply only to private parties. But the underlying claim here involved only private parties.
¶ 11 The City also points out that no case has addressed precisely these facts. But no case has abandoned settled analysis in similar circumstances. For example, City of Benton City v. Adrian involved a claim of a prescriptive easement for drainage onto city property, an easement that cannot be acquired if the property is held by a municipal corporation in its governmental capacity.[14] Adrian contended, however, that the claimed easement was perfected before the city acquired the property. The court held Adrian had failed to prove the elements of adverse possession against the previous owner.[15] The court gave no indication that, if established by the evidence, such a claim might be barred.
¶ 12 In short, Washington cases support Gorman's claim, and the City offers no persuasive reason their principles should not apply.
¶ 13 The City also contends that the policy behind RCW 4.16.160 supports a bar against claims like Gorman's. We disagree.
¶ 14 Government immunity from statutes of limitation protects the public from suffering for the negligence of its representatives, and allows the state to allocate its resources to uses other than vigilance about inchoate claims.[16] It also protects the public from the costs of legal fees, awards, and insurance coverage that accompany lawsuits against the government.[17] These purposes are served only where the land is in public ownership at the time the claim arises. Permitting Gorman's claim implicates none of the policies underlying the statute.
¶ 15 Further, Gorman's quiet title action is predicated not upon a lapse of time but upon proof of vested title. The fact that, at trial, he would need to prove the elements of adverse possession, including passage of the statute of limitations against the former owner, does not mean his quiet title action is predicated upon the lapse of time as to the City.
¶ 16 Gorman had valid title before the City purchased the property, we think he has it still. We reverse and remand for trial.[18]
WE CONCUR: APPELWICK and COX, JJ.
NOTES
[1] (Emphasis added.)
[2] Reid v. Pierce Cnty., 136 Wash.2d 195, 200-01, 961 P.2d 333 (1998); Orwick v. City of Seattle, 103 Wash.2d 249, 254, 692 P.2d 793 (1984).
[3] Reid, 136 Wash.2d at 201, 961 P.2d 333.
[4] Id.
[5] RCW 4.16.020. Successful adverse possession in Washington requires 10 years of possession that is (1) actual; (2) open and notorious; (3) hostile; (4) continuous; and (5) exclusive. ITT Rayonier, Inc. v. Bell, 112 Wash.2d 754, 757, 774 P.2d 6 (1989).
[6] Edmonds v. Williams, 54 Wash.App. 632, 634, 774 P.2d 1241 (1989) (citing Commercial Waterway Dist. No. 1 of King Cnty. v. Permanente Cement Co., 61 Wash.2d 509, 512, 379 P.2d 178 (1963)).
[7] Municipalities acting in a governmental capacity constitute "the state" under RCW 4.16.160. Commercial Waterway, 61 Wash.2d at 512, 379 P.2d 178. The City is a Washington municipal corporation.
[8] 61 Wash.2d 509, 510-11, 379 P.2d 178 (1963).
[9] Id. at 512-13, 379 P.2d 178; see also Town of West Seattle v. West Seattle Land & Improvement Co., 38 Wash. 359, 363-64, 80 P. 549 (1905) (party could not adversely possess public roadway).
[10] Mugaas v. Smith, 33 Wash.2d 429, 431, 206 P.2d 332 (1949). To rule otherwise, the court said, would be to require an adverse possessor to "`keep his flag flying for ever [sic], and the statute [would] cease[] to be a statute of limitations.'" Id. at 433, 206 P.2d 332 (quoting Schall v. Williams Valley R. Co., 35 Pa. 191, 204, 11 Casey 191 (1860)).
[11] Bowden-Gazzam Co. v. Hogan, 22 Wash.2d 27, 39, 154 P.2d 285 (1944) (quoting Wheeler v. Stone, 1 Cush. 313, 55 Mass. 313 (1848)).
[12] Halverson v. City of Bellevue, 41 Wash.App. 457, 460, 704 P.2d 1232 (1985).
[13] Id. ("The law is clear that title is acquired by adverse possession upon passage of the 10-year period. The quiet title action merely confirmed that title to the land had passed to Halverson by 1974." (citations omitted)).
[14] 50 Wash.App. 330, 336, 748 P.2d 679 (1988) (citing Commercial Waterway, 61 Wash.2d at 512, 379 P.2d 178).
[15] Id. at 337, 748 P.2d 679.
[16] Bellevue Sch. Dist. v. Brazier Constr. Co., 103 Wash.2d 111, 114, 691 P.2d 178 (1984) (quoting United States v. Thompson, 98 U.S. 486, 489-90, 8 Otto 486, 25 L.Ed. 194 (1878)); see also Guaranty Trust Co. of New York v. United States, 304 U.S. 126, 141, 58 S.Ct. 785, 82 L.Ed. 1224 (1938); 17 WILLIAM B. STOEBUCK, JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE: PROPERTY LAW § 8.1, at 515 (2d ed. 2004 & Supp. 2010).
[17] See LAWS OF 1986, ch. 305, § 100 (preamble); Bellevue Sch. Dist. v. Brazier Constr. Co., 100 Wash.2d 776, 783, 675 P.2d 232 (1984).
[18] Given our disposition, we need not reach the arguments concerning fees and costs except to point out that deposition costs are awardable only insofar as the depositions are used at trial. Kiewit-Grice v. State, 77 Wash.App. 867, 874, 895 P.2d 6 (1995) (fees for deposition transcripts not used at trial not awardable under RCW 4.84.010); Platts v. Arney, 46 Wash.2d 122, 128-29, 278 P.2d 657 (1955) (fees for depositions taken for discovery but not used at trial not awardable under RCW 4.48.090). The City's argument that Kiewit-Grice does not apply here because the City's cost award did not include transcription fees is unpersuasive.