FILED
COURT OF APPEALS
DIVISION II

2014 OCT 21 AM 9: 16

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| KAY JOHNSON and RICK JOHNSON, husband and wife and their marital community,<br><br>Appellants,<br><br>v.<br><br>ROY KISSLER and JANIE LUZZI-KISSLER, husband and wife and their marital community, and KISSLER MANAGEMENT, INC., | No. 45116-6-II<br><br><br><br><br>UNPUBLISHED OPINION |

LEE, J. — Kay and Rick Johnson appeal the superior court's order granting Roy and Janie Kisslers' motion for summary judgment and dismissing the Johnsons' adverse possession claim. The Johnsons argue that the superior court erred because there were genuine issues of material fact precluding summary judgment. We reverse the superior court and remand for further proceedings.

## FACTS

The Johnsons own property adjacent to the Kisslers' property. A chain-link fence separates the two properties. The chain-link fence is approximately three feet away from the property line on the Kisslers' property. The three feet between the chain-link fence and the property line is the property at dispute here (the disputed parcel).

The Johnsons' property was originally owned by Dona Gainey Mathews (Gainey), who acquired it in 1977. In 1982, George Fleming, a predecessor owner of the Kisslers' propery, built a house on his property and installed the chain-link fence that currently separates the two properties. After Fleming installed the chain-link fence, Gainey treated the disputed parcel as her own property by clearing it and planting a garden. Gainey maintained the garden and treated all the property on her side of the fence as her own until she sold her property to David and Judy Sizemore in 1996. She also installed a dog run on part of the disputed parcel. In 2007, the Johnsons bought the property from the Sizemores.

Fleming sold his property to the Halls in 1992. The Halls subsequently sold the property to the Kisslers.

The Kisslers and Johnsons began having disagreements about the use of the disputed parcel. The Johnsons filed a complaint, alleging that they had acquired the disputed parcel through adverse possession.[1] The Kisslers filed a motion for summary judgment to dismiss the Johnsons' adverse possession claim and to quiet title to the disputed parcel in the Kisslers. The Kisslers submitted evidence showing that, in 1984, a survey of the property was done that showed the chain-link fence was not on the property boundary line. They also submitted an affidavit from David Sizemore in which he stated that (1) the 1984 survey was attached to the deed transferring the property to him, (2) he knew the chain-link fence was not the true boundary line, (3) he had an agreement with the Kisslers that he could use the disputed parcel as long as he did not plant

---

[1] The complaint actually included several claims, many of which were related to an easement on a different piece of the property. The remaining claims were dismissed when the Johnsons took a voluntary nonsuit under CR 41.

vegetation with invasive root structures, and (4) he had the same understanding and agreement with the Kisslers' predecessors, the Halls. Similarly, Roy Kissler submitted an affidavit stating that he also knew the fence was not the boundary line and he gave the Sizemores permission to use the disputed parcel so long as they did not plant vegetation with invasive root structures. The Kisslers also submitted the deeds transferring the property from Gainey to the Sizemores, and the Sizemores to the Johnsons; neither of these deeds mentioned the disputed parcel.[2]

In their response to the Kisslers' motion for summary judgment, the Johnsons presented an affidavit from Gainey. Gainey stated that she and Fleming considered the chain-link fence the boundary line between the properties and that they never had an agreement in which Fleming gave her permission to use the disputed parcel. When Fleming sold the property to the Halls in 1992, the chain-link fence was understood to be the boundary between the properties, and Gainey never obtained the Halls' permission to continue using the disputed parcel. After Fleming installed the chain-link fence in 1982, Gainey used and maintained the disputed parcel as if it was her own property, never discussed the use with Fleming, and continued using and maintaining the disputed parcel until she sold it to the Sizemores in 1996.

The Johnsons also presented Kay Johnson's affidavit, which stated that Judy Sizemore had shown her the property numerous times, and that Judy showed her the plants that she had planted on the disputed parcel and the new sprinkler system that the Sizemores had installed. Judy never once mentioned that the disputed parcel was not their property, that they used it with the Kisslers' permission, or that they had an agreement with the Kisslers regarding the use of the disputed parcel.

---

[2] The deed from the Sizemores transfers the property to "Kay Pruitt" who is now Kay Johnson.

3

Kay also stated that although she had numerous conversations about the disputed parcel with the Kisslers, the Kisslers never mentioned that the disputed parcel was their property or that they previously had an agreement with the Sizemores relating to the disputed parcel. In addition, the Johnsons submitted the disclosure form that the Sizemores had signed during the sale of the property in which they stated that there was no disputed property or agreements regarding the use of their property.

The superior court granted the Kisslers' motion for summary judgment dismissing the Johnsons' claim. The superior court also quieted title to the disputed parcel in the Kisslers, ordered the Johnsons to remove any plants or improvements from the disputed parcel, and awarded the Kisslers attorney fees. The Johnsons appeal.

## ANALYSIS

We review motions for summary judgment de novo and engage in the same inquiry as the superior court. *Cole v. Laverty*, 112 Wn. App. 180, 184, 49 P.3d 924 (2002). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); *Cole*, 112 Wn. App. at 184. We consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Cole*, 112 Wn. App. at 184. If reasonable minds could reach but one conclusion from all the evidence, summary judgment is correct. *Harberd v. City of Kettle Falls*, 120 Wn. App. 498, 507-08, 84 P.3d 1241, *review denied*, 152 Wn.2d 1025 (2004). Bare assertions that a genuine issue of material fact exists will not defeat summary judgment in the absence of actual evidence. *Harberd*, 120 Wn. App. at 508.

To establish ownership of a piece of property through adverse possession, a claimant must prove that possession of the property was "(1) open and notorious, (2) actual and uninterrupted,

(3) exclusive, (4) hostile and under a claim of right, (5) for a period of 10 years." *Shelton v. Strickland*, 106 Wn. App. 45, 50, 21 P.3d 1179, *review denied*, 145 Wn.2d 1003 (2001). Title automatically vests in a claimant who satisfies the elements for the 10-year period. *Gorman v. City of Woodinville*, 175 Wn.2d 68, 72, 283 P.3d 1082 (2012). "Adverse possession is a mixed question of law and fact: whether the essential facts exist is for the trier of fact, but whether the facts constitute adverse possession is for the court to determine as a matter of law." *Lingvall v. Bartmess*, 97 Wn. App. 245, 253, 982 P.2d 690 (1999).

The Johnsons argue that the superior court erred by granting the Kisslers' motion for summary judgment because title to the disputed parcel vested in Gainey before the property was ever transferred to the Sizemores, and therefore, any agreement that the Sizemores may have had with the Halls and Kisslers could not have transferred title of the disputed parcel back to the Halls or the Kisslers and is immaterial. We agree.

It is undisputed that Gainey's use of the disputed parcel was open and notorious, actual and uninterrupted, exclusive, and for a period of at least 10 years. Gainey's affidavit establishes that she cleared the disputed parcel and maintained it as a garden as if it were her own property for the entire period between 1982 and 1996, when she sold her property. Therefore, the only element at issue here is whether Gainey's use of the disputed parcel was hostile.

To satisfy the hostility element, the claimant's use must be adverse to the title owner's interest. *Herrin v. O'Hern*, 168 Wn. App. 305, 311, 275 P.3d 1231 (2012). Subjective belief in ownership does not establish hostility. *Chaplin v. Sanders*, 100 Wn.2d 853, 861, 676 P.2d 431 (1984). When a person landscapes and maintains the property as if it were his or her own, in the same manner as an owner, the use satisfies the hostility element. *Maier v. Giske*, 154 Wn. App.

5

6, 19, 223 P.3d 1265 (2010); *Lingvall*, 97 Wn. App. at 254. However, a claimant's use is not hostile if the title owner granted the claimant permission to use the disputed property. *Harris v. Urell*, 133 Wn. App. 130, 139, 135 P.3d 530 (2006), *review denied*, 160 Wn.2d 1012 (2007).

The Kisslers assert that because a property survey was completed after the chain-link fence was installed, it can be inferred that Fleming knew the correct property boundary. Therefore, the appropriate inference is that Fleming gave Gainey permission to use the disputed parcel for her garden. However, in a motion for summary judgment, all reasonable inferences must be drawn in favor of the nonmoving party. Here, the Johnsons are the nonmoving party and are entitled to all reasonable inferences being drawn in their favor. Therefore, drawing the inference that Fleming gave Gainey permission to use the property, which is an inference in favor of the Kisslers, is improper in a summary judgment motion brought by the Kisslers.

The Kisslers also argue that the Johnsons cannot establish the hostility requirement because Sizemore's declaration shows that he knew and agreed that the property belonged to the Kisslers. However, once adverse possession is established by 10 years of adverse use, title automatically passes to the claimant. *Halverson v. City of Bellevue*, 41 Wn. App. 457, 460, 704 P.2d 1232 (1985). There is sufficient evidence to show that Gainey used the disputed parcel as her own from 1982 to 1996. Therefore, for summary judgment purposes, the Johnsons have demonstrated that title to the disputed parcel vested in Gainey during the period that she owned her property.

Once title passed to Gainey, the Sizemores' purported understanding that the property actually belonged to the Kisslers did not divest title of the disputed parcel. In *Mugaas v. Smith*, 33 Wn.2d 429, 431, 206 P.2d 332 (1949), our Supreme Court stated:

We have on several occasions approved a statement which appears in *Towles v. Hamilton*, 94 Neb. 588, 143 N.W. 935, 936, that:

"It is elementary that where the title has become fully vested by disseizin so long continued as to bar an action, it cannot be divested by parol abandonment or relinquishment or by verbal declarations of the disseizor, nor by any other act short of what would be required in a case where his title was by deed."

See *McInnis v. Day [Lumber] Co.*, 102 Wash. 38, 172 [P]. 844 [1918]; *King County v. Hagen*, 30 Wn.(2d) 847, 194 P.(2d) 357 [1948].

. . . .

Appellants cite no cases, and we have found none, supporting their contention that, under a recording statute . . . a conveyance of the record title to a bona fide purchaser will extinguish a title acquired by adverse possession.

Accordingly, the Kisslers' contention that the Sizemores' purported understanding and agreement with the Halls and the Kisslers somehow terminated or extinguished the title acquired by Gainey's adverse possession of the disputed parcel lacks merit.

The superior court erred by granting the Kisslers' motion for summary judgment because, as a matter of law, title of the disputed parcel vested in Gainey and ultimately transferred to the Johnsons. We reverse the superior court's order granting summary judgment to the Kisslers and remand for further proceedings.[3]

---

[3] Because we reverse the superior court's order granting summary judgment in favor of the Kisslers, we also reverse the superior court's other orders predicated on the order granting summary judgment: the order of ejectment and order granting injunctive relief.

Furthermore, we decline the Johnsons' request to grant summary judgment in their favor. Although, as a matter of law, title to the disputed parcel was transferred to them, the Johnsons did not file a cross-motion for summary judgment in the superior court. And, we reject the Johnsons' contention that it is appropriate for them to make, and for us to grant, a cross-motion for summary judgment for the first time on appeal. Accordingly, there is no basis for us to grant judgment in the Johnsons favor.

ATTORNEY FEES

The Johnsons argue that the superior court erred by granting attorney fees to the Kisslers. We review a superior court's decision regarding attorney fees for an abuse of discretion. *Morgan v. Kingen*, 166 Wn.2d 526, 539, 210 P.3d 995 (2009).

RCW 7.28.083(3) allows the superior court to award attorney fees to the prevailing party on an adverse possession claim. Here, the superior court improperly granted the Kisslers' motion for summary judgment; therefore, the Kisslers were not the prevailing party. Because the Kisslers were not the prevailing party, the superior court erred by awarding the Kisslers their attorney fees.

The Johnsons request attorney fees on appeal under RAP 18.1 and RCW 4.84.185. RCW 4.84.185 allows an award of attorney fees to a party opposing a frivolous action or defense. The Johnsons argue that the Kisslers' defense—that the Sizemores' purported agreement with the Halls or the Kisslers defeated the Johnsons' claim for adverse possession—was frivolous and advanced without a reasonable basis. A defense is frivolous if, considering the defense in its entirety, it cannot be supported by any rational argument based in fact or law. *Dave Johnson Ins., Inc. v. Wright*, 167 Wn. App. 758, 785, 275 P.3d 339, *review denied*, 175 Wn.2d 1008 (2012). Here, the Kisslers were relying on arguments that prevailed in the superior court. Although incorrect, we do not consider the Kisslers' position frivolous.

The Kisslers also request attorney fees on appeal. However, given that the Kisslers have not prevailed on appeal, they are not entitled to attorney fees.

We reverse the superior court's order granting summary judgment in favor of the Kisslers and all subsequent orders predicated on the superior court's summary judgment order. We also reverse the superior court's order granting the Kisslers attorney fees. We remand for further proceedings.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Maxa, P.J.

_____
Hunt, J.P.T.