# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| CHRISTOPHER GUEST and SUZANNE GUEST, husband and wife, | No.  50138-4-II (consolidated with 50428-6-II) |
| Appellants, | |
| v. | |
| DAVID LANGE and KAREN LANGE, husband and wife and the marital community comprised thereof, | UNPUBLISHED OPINION |
| Respondents, | |
| THE COE FAMILY TRUST and trustee, MICHAEL COE, | |
| Interveners. | |

SUTTON, J. — Christopher and Suzanne Guest appeal from the trial court's February 24, 2017 order cancelling several lis pendens following the mandate in the Guests' two prior appeals, March 28, 2017 order denying the Guests' motion for reconsideration of the February 24, 2017 order, and April 19, 2017 order denying several motions and reinstating one of the previously cancelled lis pendens.[1]  They also attempt to challenge our decisions in their two prior appeals. The Guests argue that (1) all orders and decisions in this case are void because the trial court and this court lacked jurisdiction to consider this matter, (2) the trial court erred in canceling the lis

---

[1] The Guests have also been involved in extensive litigation with the Spinnaker Ridge Community Association.  *See Spinnaker Ridge Cmty. Ass'n v. Guest*, No. 49038-2-II.  That litigation is not the subject of this appeal.

pendens because this matter was not fully and finally settled, (3) we should reconsider our prior decisions in this matter under RAP 12.7 and RAP 2.5(c)(2), (4) they should be able to appeal a May 2013 summary judgment order under RAP 2.5(c)(1), (5) the trial court erred in cancelling two lis pendens that related to a separate case, (6) the trial court erred by not requiring responses and allowing replies before deciding some of the Guests' motions, and (7) the trial court considered forged documents in the underlying case. The Langes argue that the order cancelling the lis pendens is not appealable. We hold that the order cancelling the lis pendens is appealable. We affirm the trial court's cancellation of the lis pendens and remand with direction to the trial court to cancel the remaining lis pendens, auditor number 201301231320, when this case mandates. We also deny the Guests' request for costs, attorney fees, and expenses, and decline the Langes' request to restrict the Guests' ability to file further appeals.

FACTS

I. BACKGROUND AND PRETRIAL MOTIONS

The Guests and the Langes own adjoining lots in the Spinnaker Ridge development. After the Langes rebuilt a deck that protruded onto the Guests' property, the Guests sued the Langes for breach of contract, trespass, and breach of the covenant of good faith and fair dealing. The Guests also alleged that the Langes had a duty to indemnify the Guests. The Langes alleged affirmative defenses and a trespass counterclaim, and asked the court to enjoin the Guests from further trespass and to quiet title in the deck with the Langes.

In January 2013, the Guests recorded a lis pendens against the Langes' property. This lis pendens was recorded under number 201301231320.

The Guests and the Langes each moved for summary judgment. On May 6, 2013, the trial court granted both motions in part and dismissed all of the claims other than (1) the Guests' claim for trespass related to a three foot by five foot encroachment, (2) the Guests' breach of contract claim based on the Langes' alleged promise not to build a deck in the easement area, and (3) the Langes' quiet title claim. That same day, the Guests filed declarations asking the trial court to postpone the entry of the summary judgment orders until discovery was concluded and to deny the Langes' motion for summary judgment because the grantor in the easement was not the owner of the development. The trial court ruled that the declarations were untimely and declined to consider the Guests' arguments. *Guest v. Lange* (*Guest* I), noted at 194 Wn. App. 1031, 2016 WL 3264419, at *3.

In May 2013, the trial court granted a motion to intervene filed by Michael Coe and the Coe Family Trust (Trust), who sold the property to the Guests. In January 2014, the trial court granted summary judgment to the Trust. On February 3, the Guests recorded two more lis pendens under Pierce County Auditor's numbers 201402030230, 201402030233. On April 11, the trial court granted the Trust's second motion to dismiss and dismissed the claims against the Trust with prejudice.

## II. TRIAL AND POST-TRIAL MOTIONS AND FILINGS

The case proceeded to a jury trial. On July 16, 2014, the jury returned a verdict in the Langes' favor on all of the claims against them. On September 19, the trial court entered a judgment dismissing all of the Guests' claims against the Langes with prejudice and quieting title in the deck to the Langes.

On September 29, the Guests filed a motion entitled "Verified Guest CR 59 Motion to Vacate, Amend and/or Modify All Coe Family Trust Related Orders and Judgments as a Matter of Law and to Enter Judgment in the Guests' Favor." Clerk's Papers (CP) at 3389. It appears that the Guests asserted that the Trust refused to appear or participate in the trial and that the Guests did not receive a jury trial on matters that involved the Trust, so the trial court should not have dismissed any claims involving the Trust. The record does not contain anything showing that this motion was noted or that the trial court considered the motion.

After the trial court denied the Guests' motion for reconsideration of the September 19, 2014 judgment, the Guests filed a notice of appeal challenging 15 of the trial court's orders, several of the trial court's oral rulings, various jury instructions, and the September 19, 2014 judgment. They later filed a notice of appeal challenging the trial court's order denying reconsideration, which we treated as an amended notice of appeal. We opened this appeal under cause number 46802-6-II (*Guest* I).

In February 2015, the Langes moved to cancel the notice of lis pendens recorded by the Guests in January 2013. The Guests opposed the motion, arguing that the case had not yet been settled, discontinued, or abated, because their appeal from the trial court's September 19, 2014 judgment was still pending.

On March 5, 2015, the Guests filed two Notices of Cash Deposit as Supersedeas Bond with the trial court. The next day, the Guests recorded two more lis pendens under auditor numbers 201503060026 and 201503060027.

On March 11, the Langes objected to the amount and sufficiency of the cash supersedeas bond. On March 19, the Guests filed a motion for leave to conduct discovery under RAP 7.2 and

CR 27 in response to the Langes' February 2015 motion to cancel the lis pendens and the Langes' March 11, 2015 motion challenging the sufficiency of the supersedeas bond.

On March 27, the trial court entered an order cancelling the lis pendens recorded under auditor numbers 201301231320[2] and 201503060027.[3] In this same order, the trial court stated that it found "that the cash supersedeas bonds on file in the total amount of $4,000.00 are adequate." CP at 46, 3621. That same day, the trial court also issued an order "vitiating" Guests' March 19, 2015 motion for leave to conduct discovery in light of the order canceling the lis pendens. CP at 53-55, 3614-16.

On April 20, the Guests filed a notice of appeal challenging the trial court's March 27, 2015 orders cancelling the two lis pendens and "vitiating Guests' Motion for Leave to Conduct Discovery pursuant to RAP 7.2 and CR 27." CP at 49-50. We opened this appeal under cause number 47482-4-II (*Guest* II).

On May 1, 2015, the Guests recorded another lis pendens based on the notice of appeal in *Guest* II, under auditor's number 201505010857. On March 9 and March 14, 2016, they recorded two more lis pendens under auditor's numbers 201603090134 and 201603140586.

### III. COURT OF APPEALS DECISIONS

On June 14, 2016, we issued an unpublished opinion in *Guest* I, affirming the trial court's denial of the Guests' request to amend their complaint; the trial court's order granting the Langes' motion for summary judgment and dismissing some of the Guests' claims; the trial court's denial

---

[2] This lis pendens was recorded in January 2013.

[3] This lis pendens was recorded on March 6, 2015.

5

of the Guests' motion for partial summary judgment; and the judgment entered in the Langes' favor, including quieting title in the Langes' favor. *Guest* I, 194 Wn. App. 1031, 2016 WL 3264419 at \*1, \*4-\*10. We subsequently denied the Guests' motion for reconsideration, and our Supreme Court denied review. We issued the mandate in *Guest* I on January 9, 2017.

Meanwhile, on August 2, 2016, we issued a published opinion in *Guest* II addressing the trial court's orders cancelling the lis pendens. *Guest v. Lange* (*Guest* II), 195 Wn. App. 330, 381 P.3d 130 (2016). In *Guest* II, we held "that the trial court erred by cancelling the lis pendens because the Guests' appeal and supersedeas bond meant the action was not settled, discontinued, or abated." *Guest* II, 195 Wn. App. at 341. We reversed the trial court's March 27, 2015 cancellation of the lis pendens and remanded for further trial court action. *Guest* II, 195 Wn. App. at 341-42.

We stated, "On remand, the trial court should ensure that the amount of any supersedeas bond is sufficient to compensate the Langes for any damages they incur due to the appeal and lis pendens." *Guest* II, 195 Wn. App. at 342. In a footnote, we acknowledged that we had recently decided the substantive issues from the case in *Guest* I. *Guest* II, 195 Wn. App. at 331 n.1. But we noted that the lis pendens issues were not moot because the time had not yet expired for the Guests to petition for review in *Guest* I. *Guest* II, 195 Wn. App. at 331 n.1. We subsequently denied the Guests motion for reconsideration, and our Supreme Court denied review. We issued the mandate in *Guest* II on February 13, 2017.

IV. LATER CANCELLATION OF LIS PENDENS

A. FEBRUARY 24, 2017 AND MARCH 28, 2017 ORDERS AND RELATED NOTICES OF APPEAL

The day after the last of the Guests' appeals mandated, the Langes' moved to cancel the several lis pendens that the Guests had filed throughout these proceedings. The Guests moved to strike the Langes' motion to cancel the lis pendens and for an order vacating the "quiet title" judgment and other orders. CP at 226-27. In this motion, the Guests alleged that some of the information that had been presented to the trial court was "very probably" forged. CP at 227.

On February 24, 2017, the trial court found that the case had been "fully and finally settled, discontinued, abated[,] or otherwise resolved" by the mandates in the direct appeals and issued an order granting in part the Langes' motion to cancel eight lis pendens that the Guests had filed with the county auditor.[4] On March 7, the Guests moved for reconsideration of the February 24 order.

On March 28, without requesting a response to the motion for reconsideration, the trial court denied the Guests' motion for reconsideration of the February 24. 2017 order cancelling the lis pendens. The Guests filed notices of appeal designating the February 24, 2017 order granting the motion to cancel the lis pendens and the March 28, 2017 order denying the motion to reconsider the February 24 order.

B. APRIL 19, 2017 AND MAY 23, 2017 ORDERS AND RELATED NOTICES OF APPEAL

On April 13, the Guests filed a motion entitled, "Guest RCW 7.40 and CR 65 Motion to Vacate and Dissolve the Injunction Issued Against the Guests." CP at 3967. The Guests moved to "vacate and dissolve the improper, defective, null and void injunction that the court issued

---

[4] Pierce County Auditor Numbers: 201301231320, 201402030230, 201402030233, 201503060026, 201503060027, 201505010857, 201603090134, and 201603140586.

against the Guests on September 19, 2014 prohibiting the Guests from accessing, possessing, controlling, enjoying and/or using the entirety of the Guests' Spinnaker Ridge Development . . . Lot 5 property." CP at 3968. The Guests did not ask for any relief other than the vacation of "the injunct[io]n that the court entered as part of its September 19, 2014 Lange '[f]inal [j]udgment.'" CP at 3984.

Also on April 13, the Guests filed a motion for discovery asking the trial court to order the Langes to present themselves "for their depositions on remand to be taken in this matter on remand and otherwise for determination if the Langes had any damage as a result of this litigation." CP at 3993. The Guests asserted that this discovery was necessary in light of our decision in *Guest* II, which stated that the trial court was to determine whether the supersedeas bond was sufficient to compensate the Langes for any damages incurred as the result of the original appeal and the original lis pendens. The Guests discussed the trial court's February 24, 2017 order, stating that the trial court had ignored the fact there was still a stay and supersedeas bond in effect.

On April 19, the trial court issued an order denying the two April 13, 2017 motions and cancelling all but one of the lis pendens. The trial court stated that the only order on appeal was the February 24, 2017 order cancelling the lis pendens and that

> [a]ll other cases related to the lis pendens filed against Defendant Lange's [sic] property have been resolved with finality. Consequently, lifting the lis pendens in those actions is appropriate, and the Court's February 24, 2017, order will be enforced as to all lis pendens except the one that is directly related to Cause 11-2-16364-0, recorded under Pierce County Auditor No. 201301231320.

CP at 4029.

8

The trial court found that our January 24, 2017 mandate was a final order and that "the case has been 'abated,' as that term is used in the context of [RCW 4.28.320]." CP at 4029. The trial court further stated that the only unresolved issue was

> whether, following issuance and finality of an appellate mandate, the Trial Court's decision to lift a previously entered lis pendens is properly subject to appellate review. If an appeal of such an order is proper, does the subsequent appeal leave the order under appeal in conflict with the prohibition in RCW 4.28.320 against lifting lis pendens in cases which have not been "settled, discontinued, or abated?"

CP at 4029. The trial court stated that because there was an appeal from the February 24, 2017 order cancelling the lis pendens, the trial court would "defer to the Court of Appeals for a decision on the applicability of RCW 4.28.320 in these circumstances." CP at 4030.

The trial court also addressed the Guests' April 13, 2017 motions to vacate the purported injunction and for additional discovery. The court stated that there was no injunction in the case for it to vacate and denied that motion. It further stated that the mandate in this case was now final so the discovery request was untimely and denied the discovery motion.

On April 27, 2017, the Guests filed a second notice of appeal challenging the trial court's March 28, 2017 order denying the Guests' motion for reconsideration of the February 24, 2017 order cancelling the lis pendens. The Guests identified only the March 28, 2017 order in this notice of appeal and attached only a copy of the March 28, 2017 order.

On May 1, the Guests filed a motion for reconsideration of the trial court's April 19, 2017 order. On May 23, the trial court denied the motion for reconsideration. The trial court noted

that the Langes were not required to submit a response and stated that "oral argument will not be permitted." CP at 4058 (citing former PCLR 7(c)(3) (2014)).[5]

On June 23, the Guests filed another notice of appeal, this time challenging the April 19, 2017 and May 23, 2017 orders. These were the only two orders identified in or attached to this notice of appeal. We consolidated these notices of appeal.

## ANALYSIS

### I. APPEALABILITY

As a preliminary matter, we must first address whether an order cancelling a lis pendens is an appealable order. The Langes argue that the order cancelling the lis pendens is not an appealable order under RAP 2.2(a) because "it does not affect the Guests' substantial rights." Br. of Resp'ts at 20. We disagree.

An appealable order must affect a "substantial right." RAP 2.2(a)(13). Not only does a lis pendens cloud title and put third parties on notice of pending litigation, a lis pendens can bind a third party to all proceedings occurring after the lis pendens was filed as if they were an original party to the action. *R.O.I., Inc. v. Anderson*, 50 Wn. App. 459, 462, 748 P.2d 1136 (1988); RCW 4.28.320. Because the cancellation of a lis pendens potentially affects the relationship between

---

[5] Former PCLR 7(c)(3) was amended effective September 1, 2017 and September 1, 2018.

> Motions for Reconsideration before a Judge shall be submitted on briefs and affidavits of the moving party only. No response shall be required or submitted by the opposing party and there shall be no oral argument permitted unless the judge so directs. The court shall notify the parties whether: (1) the Motion for Reconsideration has been denied and the hearing stricken; or (2) oral argument and/or responsive pleadings are required.

the Guests and any third party who might purchase the Langes' property, a lis pendens affects a substantial right in relation to the Guests and is appealable.

The Langes also argue that the order cancelling the lis pendens is not an appealable order "because orders entered to fulfill an appellate mandate are not appealable." Br. of Resp'ts at 22. They contend that "the order cancelling the lis pendens merely fulfilled the mandate and as such, it is not an appealable order." Br. of Resp'ts at 22. Again, we disagree.

The Langes cite *Allyn v. Asher*, 132 Wn. App. 371, 131 P.3d 339 (2006). In *Allyn*, we held that, under RAP 12.2, "the trial court's authority to take actions not in strict conformance with the appellate decision are limited to post judgment motions raising issues not already decided by the appellate court." *Allyn*, 132 Wn. App. at 378-79. In *Guest* II, we did not direct the trial court to take any specific action on the lis pendens to fulfill the mandates—we merely held that the trial court lacked the authority to cancel a lis pendens when the Guests had filed a supersedeas bond and the appeal from the case was not yet final, reversed the order canceling the lis pendens, and remanded "for additional proceedings consistent with this opinion." *Guest* II, 195 Wn. App. at 331, 341-42. Furthermore, the Langes' motion to cancel the lis pendens was an entirely new post judgment motion raising a new issue that we had not decided, namely, whether the trial court could cancel the lis pendens *after* the direct appeals had mandated.

Accordingly, the Langes do not establish that the order canceling the lis pendens is not an appealable order on this basis. We now turn to the Guests' arguments.

## II. JURISDICTION

The Guests first contend that all of the trial court's orders in this case and both of our earlier decisions in this case are "null, void ab initio, and invalid," because this court and the trial court

lacked "jurisdiction" over this matter.[6]  Br. of Appellants at 12-13.  They ask that we not only reverse the order cancelling the lis pendens but that we "reinstate[ ]" their claims and causes of action against both the Langes and "the Trust related parties;" grant the Guests' January 2013 motion for leave to file a second amended complaint; award them damages, costs and fees; and remand this matter back to a different judge.  Br. of Appellants at 32-34.  The Guests fail to show that this court or the trial court lacked jurisdiction.

A.  LEGAL PRINCIPLES

"There are very few limitations on the subject matter of superior courts in Washington." *Outsource Servcs. Mgmt, LLC v. Nooksack Bus. Corp.*, 181 Wn.2d 272, 276, 333 P.3d 380 (2014). "Pursuant to the Washington State Constitution, superior courts 'have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court.'" *Outsources Servcs. Mgmt*, 181 Wn.2d at 276 (quoting WASH. CONST. art. IV, § 6).  "A judgment entered by a court lacking subject matter jurisdiction is void; and a party may challenge such judgment at any time."  *Angelo Prop. Co. v. Hafiz*, 167 Wn. App. 789, 808, 274 P.3d 1075 (2012); *see also* RAP 2.5(a)(1).

We review de novo the legal question of whether a court had subject matter jurisdiction over a controversy.  *Angelo Prop. Co.*, 167 Wn. App. at 808.  If a court lacks subject matter jurisdiction, it is "powerless to decide the merits of the case."  *Angelo Prop. Co.*, 167 Wn. App. at 808.

---

[6] A party may raise the issue of appellate court jurisdiction at any time.  RAP 2.5(a).

B. DISCUSSION

Relying on *Halverson v. City of Bellevue*, 41 Wn. App. 457, 461, 704 P.2d 1232 (1985), the Guests assert that the trial court and this court did not have "jurisdiction" to consider any of the issues in this matter because we lacked the authority to alter or amend the subdivision final plat under chapter 58.17 RCW. The Guests argue that only the local legislative bodies that approved the final plat have jurisdiction and authority to alter or amend a recorded subdivision final plat under RCW 58.17.100 and that to alter a final plat the Langes and/or the Spinnaker Ridge Community Association, Inc. (Association) had to comply with chapter 36.70 RCW's requirements.[7] This argument fails.

In *Halverson*, Division One of this court held that under former RCW 58.17.100 (1981), the courts did not have the authority to amend plats. 41 Wn. App. at 461. Former RCW 58.17.100 (1981) provided, in part, "Sole authority to approve final plats, and to adopt or amend platting ordinances shall reside in the legislative bodies." The version of the statute in effect at the time of the orders in this case, former RCW 58.17.100 (1995), included identical language.[8] Additionally,

---

[7] The Guests also appear to argue that the Association did not have the authority to create an easement because the Association did not comply with 26 U.S.C. § 501(c)(7) of the Internal Revenue Code and because the articles of incorporation did not give the Association such power. These arguments address the merits of the prior appeals, not whether this court or the trial court had jurisdiction. Accordingly, we do not address these argument further.

[8] The legislature amended RCW 58.17.100 in 2017, effective July 23, 2017, after the date of the orders at issue in this case. Laws of 2017, ch. 161 § 1. The statute now provides:

> Sole authority to adopt or amend platting ordinances shall reside in the legislative bodies. The legislative authorities of cities, towns, and counties may by ordinance delegate final plat approval to an established planning commission or agency, or to such other administrative personnel in accordance with state law or local charter.

RCW 58.17.215 provides, in part, "When any person is interested in the alteration of any subdivision or the altering of any portion thereof, . . . that person shall submit an application to request the alteration to the legislative authority of the city, town, or county where the subdivision is located." But the Guests do not show that an *easement* amounts to approving a final plat, to adopting or amending platting ordinances, to "altering a subdivision or any part thereof," or to amending a plat. RCW 58.17.215. In fact, case law requires us to hold otherwise.

In *Hanna v. Margitan*, Division Three of this court examined RCW 58.17.215 and held that the conveyance of an easement does not require amendment of a short plat unless such conveyance is prohibited by the notes on the short plat or there is a risk that the easement created an illegal use within the short plat. 193 Wn. App. 596, 608, 373 P.3d 300 (2016). The Guests do not assert that the easement at issue here was prohibited by the notes on the plat or that the easement crated an illegal use within the plat. Thus, the Guests do not show that this court or the trial court lacked "jurisdiction" in this matter.

Furthermore, the Washington State Constitution specifically states that "cases at law which involve the title or possession of real property" are within the superior court's subject matter jurisdiction. WASH. CONST. art. IV § 6. A quiet title action involves the title or possession of real property, so the "superior court indisputably ha[d] subject matter jurisdiction in [this] quiet title action." *In re the Dependency of L.S.*, 200 Wn. App. 680, 687, 402 P.3d 937 (2017), *review denied*, 190 Wn.2d 1006 (2018).

Accordingly, the Guests fail to show that the superior court or this court's decisions in this matter were invalid.[9]

### III. FINALITY

The Guests next argue that the trial court erred when it canceled the lis pendens because the action was not final and, therefore, not settled, discontinued, or abated. This argument fails.

#### A. LEGAL PRINCIPLES

A "lis pendens" is an "instrument having the effect of clouding the title to real property." RCW 4.28.328(1)(a). Either party to an action affecting title to real property may record a notice of lis pendens with the county auditor. RCW 4.28.320. This recording is constructive notice to third parties that the title may be clouded and provides notice to third parties that they "will be bound by the outcome of the action to the same extent as if it were a party to the action." *R.O.I., Inc.*, 50 Wn. App. at 462; RCW 4.28.320. "The lis pendens has no effect on the substantive rights of the parties, but is merely a method of forcing a purchaser or encumbrancer under a subsequent recorded conveyance to either set up that claim in the action or be bound by the judgment therein." *R.O.I., Inc.*, 50 Wn. App. at 462; *see also Beers v. Ross*, 137 Wn. App. 566, 575, 154 P.3d 277 (2007).

RCW 4.28.320 governs when the trial court may cancel a notice of lis pendens. It provides that

> the court in which the said action was commenced may, at its discretion, at any
> time after the action shall be *settled, discontinued or abated*, on application of any

---

[9] Because of this holding, we do not address the Guests' additional arguments that assume the easement in question amended the plat. Furthermore, to the extent the Guests are attempting to raise arguments that address the merits of their claims against the Langes, we do not reach those issues.

person aggrieved and on good cause shown and on such notice as shall be directed or approved by the court, order the notice authorized in this section to be canceled of record, in whole or in part[.]

(Emphasis added).

We review a trial court's decision to cancel a lis pendens for an abuse of discretion. *Beers*, 137 Wn. App. at 575. A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. *Beers*, 137 Wn. App. at 573-74.

B. PENDING MOTIONS AND CLAIMS

The Guests argue that this action is not "final" and, therefore, not settled, discontinued, or abated, because trial court never considered the Guests' September 29, 2014 motion to vacate.[10]

This argument fails.

---

[10] The Guests appear to allege that there were other unresolved matters remaining in this case. But, other than the September 29, 2017 motion, the March 7 and May 1, 2017 motions for reconsideration, and Langes' quiet title cross claim, they do not specify what those matters were. Thus, we limit our analysis on this issue to the September 29, 2014 motion, the March 7 and May 1, 2017 motions for reconsideration, and the quiet title cross claim that the Guests identify.

Additionally, the Guests assert that the Langes transferred ownership of their lot during the pendency of the appeals and that this transfer implicates the Langes' standing and suggests that the Langes have "unclean hands." Br. of Appellants at 14 n.2, 15. The Guests do not provide any citations to the record to support their factual assertions or to the law to support their claim of unclean hands beyond a citation to *J.L. Cooper & Co. v. Anchor Sec. Co.*, 9 Wn.2d 45, 71-74, 113 P.2d 845 (1941), which stands only for the basic proposition that unclean hands can deprive a party of equity jurisdiction. Accordingly, we do not address the allegation of unclean hands. *West v. TESC Bd. of Trustees*, 3 Wn. App. 2d 112, 125-26, 414 P.3d 614 (citing RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992)), *review denied*, 191 Wn.2d 1005 (2018).

The Guests further assert that in April 2018, the Langes' appellate counsel admitted that the September 19, 2014 judgment was not final and that the case was not yet final. The Guests do not provide any citation to the record in support of this assertion. Accordingly, we do not consider it. *Cowiche Canyon Conservancy*, 118 Wn.2d at 809.

The Langes admit that the trial court never ruled on the Guests' September 29, 2014 motion. But they contend that this was because the Guests' then-counsel struck the motion from the court's calendar and the Guests abandoned this motion. The Guests do not dispute this statement. Nor do the Guests direct us to anything in the record establishing that they noted a hearing on this motion as required by the local rules or otherwise brought this motion to the trial court's attention. Thus, the Guests do not establish that their September 29, 2014 motion was ever properly before the trial court. *See State v. Wilson*, 113 Wn. App. 122, 130, 52 P.3d 545 (2002) (where defendant did not note his motion as required by CrR 3.3(f), the matter never came before the trial court for a ruling and his claim on appeal was not reviewable). Accordingly, the Guests fail to show that this case was not final due to a pending motion.

The Guests may also be arguing that the trial court failed to decide their March 7 and May 1, 2017 motions for reconsideration. But these arguments fail because the trial court denied these motions on March 28 and May 23, 2017.

The Guests also appear to argue that the case was not "final" because the trial court did not decide the Lange's counterclaim for quiet title. This argument fails because the trial court decided the quiet title action in favor of the Langes in its April 19, 2014 order.

C. FAILURE TO COMPLY WITH OUR DECISION IN *GUEST* II

The Guests next appear to contend that this case was not final because the trial court and the Langes failed to comply with our decision in *Guest* II. The Guests appear to argue that the trial court ignored our instructions to "'ensure that the amount of any supersedeas bond is sufficient to compensate the Langes for any damages they incur due to the appeal and lis pendens.'" Br. of Appellants at 23-24 (quoting *Guest* I, 195 Wn. App. at 342). But the Guests do not cite any

authority demonstrating that a failure to ensure the amount of a supersedeas bond is sufficient results in a lack of finality. Accordingly, we do not address this argument. *West v. Evergreen State Coll. Bd. of Trs.*, 3 Wn. App. 2d 112, 125-26, 414 P.3d 614 (citing RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992)), *review denied*, 191 Wn.2d 1005 (2018).

D. CURRENT NOTICES OF APPEAL

The Guests further contend that because they filed notices of appeal on April 27, 2017 and on June 23, 2017, this case is not final. Although the appealed orders are not yet final, those orders address only the trial court's March 28, 2017 order denying the Guests' motion for reconsideration of the February 24, 2017 order canceling the lis pendens, and the trial court's April 19, 2017 order denying the Guests' motions to vacate the "injunction" and allow additional discovery, and lifting the lis pendens. These orders relate solely to the lis pendens, not the underlying cases, which were final when the mandates were issued in *Guest* I and *Guest* II, accordingly, this argument fails.[11]

IV. RAP 12.7(D) AND RAP 2.5(C)(2)

The Guests further argue that under RAP 12.7(d) and RAP 2.5(c)(2), "justice will best be served limiting and restricting any application of any *Guest v. Lange* law of the case doctrine against the Guests under the facts, circumstances and applicable law." Br. of Appellants at 2. This appears to be a request that we reconsider our prior decisions and that in so doing, the case is not yet settled, discontinued, or abated for purposes of cancelling the lis pendens. This argument fails.

---

[11] We note that if the appeal of the cancellation of a lis pendens prevented finality in the underlying case, the appellant could prevent finality of the case by simply continuing to record lis pendens and challenging any orders cancelling the lis pendens. This would be an absurd result.

RAP 12.7 addresses the finality of an appellate court decision. RAP 12.7 provides, in part:

(a) Court of Appeals. The Court of Appeals loses the power to change or modify its decision (1) upon issuance of a mandate in accordance with rule 12.5, except when the mandate is recalled as provided in rule 12.9, (2) upon acceptance by the Supreme Court of review of the decision of the Court of Appeals, or (3) upon issuance of a certificate of finality as provided in rules 12.5(e) and rule 16.15.(e).

. . . .

(d) Special Rule for Law of the Case. The appellate court retains the power to change a decision as provided in rule 2.5(c)(2).

RAP 2.5(c) provides:

Law of the Case Doctrine Restricted. The following provisions apply if the same case is again before the appellate court following a remand:

. . . .

(2) Prior Appellate Court Decision. The appellate court may at the instance of a party review the propriety of an earlier decision of the appellate court in the same case and, where justice would best be served, decide the case on the basis of the appellate court's opinion of the law at the time of the later review.

RAP 2.5(c)(2) is discretionary. *Roberson v. Perez*, 156 Wn.2d 33, 42, 123 P.3d 844, (2005). This rule codifies "two historically recognized exceptions to the law of the case doctrine that operate independently." *Roberson*, 156 Wn.2d at 42. "First, application of the doctrine may be avoided where the prior decision is clearly erroneous, and the erroneous decision would work a manifest injustice to one party." *Roberson*, 156 Wn.2d at 42. "Second, application of the doctrine may also be avoided where there has been an intervening change in controlling precedent between trial and appeal." *Roberson*, 156 Wn.2d at 42. The Guests do not show that our prior decisions are clearly erroneous or that there has been an intervening change in the law. Accordingly, this argument fails.

## V.  RAP 2.5(C)(1)

The Guests also appear to argue that they are now appealing the May 6, 2013 summary

judgment order and that we may consider this issue under RAP 2.5(c)(1).  We disagree.

RAP 2.5(c)(1) provides:

> If a trial court decision is otherwise properly before the appellate court, the appellate court may at the instance of a party review and determine the propriety of a decision of the trial court even though a similar decision was not disputed in an earlier review of the same case.

But, "[t]his rule does not revive automatically every issue or decision which was not raised in an

earlier appeal.  Only if the trial court, on remand, exercised its independent judgment, reviewed

and ruled again on such issue does it become an appealable question."  *State v. Barberio*, 121

Wn.2d 48, 50, 846 P.2d 519, (1993).  On remand, the trial court did not review or rule on the May

6, 2013 summary judgment order; thus, the Guests cannot raise this issue now.

The Guests further note that they raised this issue in their February 2016 reply brief in

*Guest* I and that if this was insufficient for review in that case, they challenge this order now.  Br.

of Appellants at 20.  But, as we stated in *Guest* I, we do not address issues raised for the first time

in a responsive brief, so our refusal to address this issue in *Guest* I was appropriate.  RAP 10.3(c);

*Cowiche Canyon Conservancy*, 118 Wn.2d at 809 (an issue raised and argued for the first time in

a reply brief is too late to warrant. consideration); *Guest* I, 2016 WL 3264419 at *1 n.1.

Accordingly, we decline to further address this issue.

## VI.  Spinnaker Ridge Community Association Lis Pendens

The Guests also argue that the trial court erred when it cancelled two of the lis pendens,

numbers 201402030230 and 201603140586, because those lis pendens related to *Spinnaker Ridge*

*Community Association v. Guest*, superior court cause number 14-2-08865-4, rather than this case.[12] We disagree.

The Guests assert, without citation to the record, that the declarations of John Farrington and Wallace Tirman in support of the Langes' motion to cancel the lis pendens show that these two lis pendens were also related to the *Spinnaker Ridge* case. We have searched the record and find no such declarations. Nor does anything attached to the lis pendens recorded under 201402030230 suggest that the lis pendens is related to the *Spinnaker Ridge* case in any way.

We did, however, find that the affidavit accompanying the lis pendens recorded under 201603140586 mentions both this case and "*Association v. Guest*," filed under Pierce County Superior Court cause number "14-2-08865-1." CP at 195-96. But the Guests do not cite any authority requiring the trial court to leave a lis pendens related to two different superior court cases in place when only one of the two cases is settled, discontinued, or abated. Accordingly, we decline to address this issue. *West*, 3 Wn. App. 2d at 125-26.

## VII. APRIL 13, 2017 MOTIONS

The Guests further argue that the trial court violated their right to due process by deciding their April 13, 2107 motions without calling for a response, allowing for a reply, or allowing the Guests to review the order and "offer suggestions or objections prior to signature an filing."[13] Br.

---

[12] The Guests could arguably be referring to other lis pendens recorded in this matter, but we limit our analysis to those lis pendens the Guests specifically identify.

[13] To the extent the Guests are also arguing that the trial court failed to decide the April 13, 2017 motions that argument fails because the trial court decided those motions in its April 19, 2017 order.

of Appellants at 29. Because the Guests fail to support this argument with citation to any legal authority, we decline to address it. *West*, 3 Wn. App. 2d at 125-26.

## VIII. FORGED DOCUMENTS

The Guests also appear to argue that the trial court's apparent adoption of two purportedly forged documents voids any judgment against the Guests. But this argument relates to the merits of the underlying case and is not relevant to whether the orders challenged in this appeal were proper. As discussed above, the underlying case is final. Accordingly, we decline to address this argument.

## IX. ATTORNEY FEES AND REMAND

The Guests request attorney fees, costs, and expenses against the Langes and the Trust "under the Lange indemnity and release contract," "the Guest purchase and sale agreement," RCW 64.38.050, and RAP 18.9. Br. of Appellants at 33. Because the Guests are not prevailing parties and the Guests do not show that the Langes or the Trust should be subject to sanctions under RAP 18.9(a), we decline to award the Guests fees, costs, or expenses.[14]

The Langes request that we "direct the Guests that no further appeals will be allowed." Br. of Resp'ts at 42. The Langes do not cite authority allowing us to restrict the Guests' ability to file subsequent appeals. Accordingly, we decline to impose this limitation.[15] *West*, 3 Wn. App. 2d at 125-26.

---

[14] Neither the Langes nor the Trust request attorney fees.

[15] We note, however, that if the Guests continue to record lis pendens related to this case, they risk exposing themselves to liability under RCW 4.28.328.

We affirm the trial court's cancellation of the lis pendens and remand with directions to the trial court to cancel the remaining lis pendens, auditor number 201301231320, when this case mandates.[16]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
SUTTON, J.

We concur:

_____
LEE, A.C.J.

_____
COX, J.P.T.

---

[16] The Guests filed a statement of additional authorities on the date of oral argument. Because the statement of additional authorities contains additional argument, we do not consider it. *See* RAP 10.8 (statement of additional authorities "should not contain argument").

In the same filing, the Guests appear to be attempting to present additional evidence under RAP 9.11. The Guests merely describe what they appear to consider to be additional evidence available in this case and do not discuss how all six criteria of RAP 9.11(a) are satisfied. Thus, we do not consider these additional factual statements. *Harbison v. Garden Valley Outfitters, Inc.*, 69 Wn. App. 590, 593-94, 849 P.2d 669 (1993) (Court of Appeals will not accept additional evidence on appeal unless all six criteria of RAP 9.11(a) are satisfied.).